## Richard O'Neal for use of D. B. Yezner, Appellant, v. Saline County Coal Company, Appellee.

### (Not to be reported in full.)

Appeal from the City Court of Harrisburg; the Hon. WILLIAM H. PARISH, Jr., Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Garnishment proceedings by Richard O'Neal for the use of D. B. Yezner, plaintiff, against Saline County Coal Company, a corporation, defendant. From a judgment in favor of defendant, plaintiff appeals.

LEWIS, RONALDS & LEWIS, for appellant.

WHITLEY & COMBE, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. ASSIGNMENTS, § 3*—*when wages may be assigned.* A power of attorney, authorizing an agent at any time that the maker thereof shall be indebted to a certain corporation to make an assignment of all wages due or thereafter becoming due to such corporation as collateral security for any indebtedness to such corporation, is limited to the time during which such maker is indebted to such corporation.

2. GARNISHMENT, § 76*—*when duty of defendant to show that agent making assignment of wages under power of attorney within terms thereof.* In garnishment proceedings where the defendant sets up an assignment of wages due from wages made by an agent of the debtor under a power of attorney as a defense, it is the duty of the defendant to show that when the agent executed the assignment under such power of attorney he was within the terms thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Neal v. Saline County Coal Co., 199 Ill. App. 192.

3. PRINCIPAL AND AGENT, § 122*—*when principal bound by acts of agent in making assignment of wages.* Where conditions exist in the authority of a special agent to make an assignment of wages and his authority is limited and depends upon the existence of certain facts and conditions, then it devolves upon the agent exercising the power to show that the conditions upon which the right to exercise it were then in existence, or that the act was in some way ratified by the principal.

4. PRINCIPAL AND AGENT, § 189*—*when act of special agent in making assignment of wages ratified.* The act of a special agent in making an assignment of wages under a power of attorney, when the maker was not indebted at the time to the assignee, is ratified by the act of the maker in permitting the agent to draw all of his wages and pay only a portion thereof to him.

5. ASSIGNMENTS, § 3*—*when power of attorney authorizing assignment of wages valid.* A debtor may execute a power of attorney authorizing an agent to make an assignment of his wages as collateral security for an existing indebtedness where he is in the employ of the corporation against whom the assignment is drawn at the time of the execution of the power of attorney.

6. ASSIGNMENTS, § 15*—*what constitutes equitable assignment of wages.* Where a debtor making a power of attorney authorizing an assignment of his wages permits the agent to make such assignments from time to time and receives a portion of his wages from such agent, the assignment must be deemed to be at least an equitable assignment, although the maker was not indebted to the assignee at the time of the making of the assignment.

7. GARNISHMENT, § 130*—*when equitable assignment of wages protected.* An equitable assignment of wages will be protected by courts of law even in garnishment proceedings.

8. ASSIGNMENTS, § 37*—*when assignment of wages not presumed fraudulent.* Where a debtor was actually indebted to a loan company at the time of the garnishment of his wages, an assignment of wages to the loan company under a power of attorney by the person owning the loan company will not be presumed fraudulent unless the acts are shown to be fraudulent or made for the purpose of hindering and delaying creditors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.